990 So.2d 804 (2008)
ESTATE OF Cherry M. DEIORIO, By and Through Chad DEIORIO, Administrator of the Estate of Cherry M. Deiorio, for the Use and Benefit of the Estate of Cherry M. Deiorio, Deceased, and for the Use and Benefit of the Wrongful Death Beneficiaries of Cherry M. Deiorio, Appellant,
v.
PENSACOLA HEALTH TRUST, INC., and Delta Health Group, Inc., Appellees.
No. 2007-CA-00537-COA.
Court of Appeals of Mississippi.
September 16, 2008.
*805 Douglas Bryant Chaffin, Annette Elise Bulger Mathis, Hattiesburg, Susan Nichols Estes, Kenneth L. Cooper, attorneys for appellant.
Lynda Clower Carter, Nicole Collins Huffman, Jackson, Daniel E. Dias, attorneys for appellees.
Before LEE, P.J., CHANDLER and GRIFFIS, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On July 25, 2001, Chad Deiorio (Deiorio), as next friend of his mother, Cherry Deiorio (Ms. Deiorio), filed a complaint in the Harrison County Circuit Court against the owners, operators, and managers of the Boyington Nursing Center, including Pensacola Health Trust and Delta Health Group (Boyington), alleging negligence, medical malpractice, malice, gross negligence, and fraud in the treatment of his mother, Ms. Deiorio. Ms. Deiorio was a resident at Boyington from June 1999 until December 2000. Sadly, Ms. Deiorio died on November 28, 2001, and Deiorio was subsequently substituted as the administrator of Ms. Deiorio's estate.
¶ 2. Following numerous delays, a trial date was set for January 22, 2007. On December 11, 2006, forty-two days before trial, Deiorio designated two expert witnesses who were expected to testify at trial. Boyington then filed a motion for summary judgment, asserting that Deiorio had failed to timely designate his experts sixty days before trial pursuant to Rule 4.04(A) of the Uniform Rules of Circuit and County Court. In his response to Boyington's motion, Deiorio attached the affidavit of his expert, Dr. Jeffrey Karp, in an effort to establish a prima facie case of negligence.
¶ 3. A hearing on the summary judgment motion was held on January 12, 2007. The trial court continued the trial and gave the parties additional time to provide authority relating to the applicability of Rule 4.04(A). Deiorio failed to do so. On February 28, 2007, the trial court granted Boyington's motion for summary judgment, finding that Deiorio failed to timely designate his experts. The trial court also held that even if the affidavit of Deiorio's expert, Dr. Karp, were to be considered, the affidavit was legally insufficient.
¶ 4. Deiorio now appeals, asserting the following issues: (1) the trial court abused its discretion in prohibiting his experts from testifying and failing to consider the affidavit of Dr. Karp, and (2) the trial court erred in granting summary judgment in favor of Boyington. Finding no error, we affirm.

STANDARD OF REVIEW
¶ 5. In reviewing a trial court's grant of summary judgment, this Court employs a de novo standard of review. Anglado v. Leaf River Forest Prods., 716 So.2d 543, 547(¶ 13) (Miss.1998). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). This Court will consider all of the evidence before the trial court in the light most favorable to the non-moving party. Palmer v. Anderson Infirmary Benevolent Ass'n, 656 So.2d 790, 794 (Miss.1995). The party opposing the motion "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there *806 is a genuine issue for trial." M.R.C.P. 56(e). The entry of summary judgment is mandated if the non-movant "fails to make a showing sufficient to establish an essential element of the claim or defense, then all other facts are immaterial, and the moving party is entitled to judgment as a matter of law." Galloway v. Travelers Ins. Co., 515 So.2d 678, 684 (Miss.1987).
¶ 6. We also note that the proper standard of review for the admission or exclusion of testimony, including expert testimony, is abuse of discretion. City of Jackson v. Estate of Stewart, 908 So.2d 703, 708(¶ 21) (Miss.2005).

DISCUSSION

I. DID THE TRIAL COURT ERR IN PROHIBITING DEIORIO'S EXPERTS FROM TESTIFYING?

II. DID THE TRIAL COURT ERR IN GRANTING SUMMARY JUDGMENT IN FAVOR OF BOYINGTON?
¶ 7. Deiorio's issues on appeal ultimately concern whether the trial court properly granted summary judgment in favor of Boyington. The trial court found that Boyington was entitled to summary judgment "as Deiorio failed to either supplement his discovery responses concerning expert witnesses or to file a designation of expert witnesses sixty (60) days or more before the trial setting leaving Deiorio without expert testimony in support of his claim." The trial court also determined that the affidavit of Dr. Karp was legally insufficient to create a genuine issue of material fact. Deiorio did not submit an affidavit from his other expert witness, Cheryl Ciechomski, a registered nurse. Deiorio designated these two experts forty-two days prior to trial. Rule 4.04(A) states the following:
All discovery must be completed within ninety days from service of an answer by the applicable defendant. Additional discovery time may be allowed with leave of court upon written motion setting forth good cause for the extension. Absent special circumstances the court will not allow testimony at trial of an expert witness who was not designated as an expert witness to all attorneys of record at least sixty days before trial.
URCCC 4.04(A). The trial court noted that Deiorio had several reasons for the late designation, including that it was Christmas and counsel had other concerns at the time, but none rose to the level of "special circumstances." One of Deiorio's attorneys also admitted via a letter to the trial court and Boyington that she could not provide any special circumstances for the late designation, only that she thought Rule 4.04(A) required the designation of experts six weeks prior to trial-an admission that contradicts what another attorney stated during the summary judgment hearing. During the summary judgment hearing, Deiorio also admitted that his experts had been retained in 2003 or 2004.
¶ 8. We cannot find that the trial court abused its discretion in excluding Deiorio's expert affidavit because it was untimely. Deiorio has failed to show any special circumstances that would allow for the tardy designation of the experts.
¶ 9. Furthermore, we find that even if the trial court should have allowed Deiorio to designate his experts, the affidavit presented by Dr. Karp was insufficient as a matter of law to defeat summary judgment. To establish a prima facie case for medical negligence, a plaintiff must prove (1) the defendant had a duty to conform to a specific standard of conduct for the protection of others against an unreasonable risk of injury; (2) the defendant failed to conform to that required standard; (3) the defendant's breach of his duty was a proximate cause of the plaintiff's *807 injury; and (4) the plaintiff was injured as a result. Burnham v. Tabb, 508 So.2d 1072, 1074 (Miss.1987). Expert testimony is required to "identify and articulate the requisite standard that was not complied with, [and] the expert must also establish that the failure was the proximate cause, or proximate contributing cause, of the alleged injuries." Barner v. Gorman, 605 So.2d 805, 809 (Miss.1992).
¶ 10. In his affidavit, Dr. Karp fails to state any of his opinions to a reasonable medical probability or certainty. The affidavit does not articulate the applicable standards of care and how these standards of care were breached. Dr. Karp fails to indicate the appropriate care Ms. Deiorio should have received. Dr. Karp has not causally connected any purported breach to a particular injury Ms. Deiorio received. Dr. Karp's affidavit simply consists of several conclusory statements.
¶ 11. This issue is without merit.
¶ 12. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
MYERS, P.J., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. KING, C.J., CONCURS IN RESULT ONLY. BARNES, J., NOT PARTICIPATING.